IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Christi B. McDaniel, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:07-1340-WMC |
| ) | |
| Melvin L. Smith, ) | |
| ) | **O R D E R** |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on a petition for approval of attorney fees submitted by Christi B. McDaniel for her successful representation of the plaintiff in the underlying Social Security benefits action. The court may make such an award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).

The Commissioner's decision denying benefits to the plaintiff was reversed and remanded for further administrative proceedings on June 2, 2008. The petitioner seeks attorney fees of $2,625.00 ($125.00 per hour for 21 attorney hours) and costs of $25.76. The Commissioner objects to the petitioner's request for attorney fees and costs.

### APPLICABLE LAW AND CONCLUSIONS

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

U.S.C. §2412(d)(1)(A). The eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not

substantially justified; (3) that no special circumstances make an award unjust; and (4) that the claimant timely filed his petition supported by an itemized statement. *Id.; see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir.1991).

The test for substantial justification is one of reasonableness – did the agency's position have a "reasonable basis both in law and fact," or was it "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). This standard allows the government some leeway in litigation without permitting it to adopt positions arbitrarily. "[T]he government has the burden of proving that its litigation position was substantially justified." *Crawford v. Sullivan*, 935 F.2d 655, 657 (4th Cir. 1991) (citing *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988)).

The plaintiff was the prevailing party in this action. The only element at issue is whether the government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Based upon a review of the record and the arguments of the parties, this court finds that the government's position was not substantially justified. The petitioner has provided an itemized statement stating the time expended in preparing this case. While the defendant argues that the government's position was justified and therefore an award of attorney fees is not appropriate, the Commissioner has no specific objection to the *amount* of attorney fees and costs sought by the petitioner.

Now, therefore,

IT IS ORDERED that the defendant pay to the plaintiff[1] Two Thousand Six Hundred Fifty and 76/100 ($2,650.76) Dollars in attorney fees and costs.

IT IS SO ORDERED.

August 18, 2008                              s/William M. Catoe
Greenville, South Carolina              United States Magistrate Judge

---

[1] This court understands that it is the Commissioner's practice is to make the check payable to the plaintiff but to send the EAJA payment to the plaintiff's attorney's office, which reduces the risk that the attorney will not receive her fees from the plaintiff.

2